UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **SCOTTSDALE INSURANCE COMPANY**, <br> 8877 N Gainey Center Dr, <br> Scottsdale, AZ 85258 <br><br> Plaintiff, <br> v. <br><br> **LANGSTON LANE COMMUNITY PARTNERS LLC,** <br> 1121 12th Street NW <br> Washington D.C., 20005 <br><br> **Serve:** <br> Langston Lane Community Partners LLC <br> c/o CT Corporation System, R.A., <br> 1015 15th Street NW, Suite 1000 <br> Washington D.C., 20005 <br><br> **GATEWAY MANAGEMENT SERVICES, LLC,** <br> 350-C Fortune Terrace #202, <br> Potomac, MD 20854 <br><br> **Serve:** <br> Gateway Management Services, LLC <br> c/o Lester Severe, Resident Agent <br> 2503 Oakenshield Drive <br> Potomac, MD 20854 <br><br> **PATRICIA PINCKNEY, Individually and as Personal Representative of The Estate of DEMARCOS PINCKNEY** <br> 3356 Curtis Drive, Apt. 103 <br> Suitland, MD 20746 <br><br> and <br><br> **TASHA JONES, Individually and as Personal Representative of The Estate of KEVIN MASON**, <br> 1618 1st Street, NE, Apt. 1 <br> Washington D.C., 20002 <br><br> Defendants. | Civil Action No.: **1:26-cv-00069** <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Scottsdale Insurance Company ("Scottsdale"), by and through its undersigned attorneys, sets forth the following in support of its Complaint for a declaratory judgment pursuant to 28 U.S.C. § 2201.

## THE PARTIES

1. Scottsdale is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

2. Defendant Langston Lane Community Partners, LLC ("Langston Lane") is a limited liability company with its principal place of business in the District of Columbia.

3. Gateway Management Services, LLC ("Gateway") is a limited liability company with a principal place of business in Maryland.

4. Defendant Patricia Pinckney ("Pinckney") is an individual who resides in Maryland.

5. Defendant Tasha Jones ("Jones", and together with Pinckney, the "Underlying Plaintiffs") is an individual who resides in the District of Columbia.

6. Jones and Pinckney are named as defendants in this lawsuit because of their status as interested parties to the instant declaratory judgment proceedings and so that they will be bound by all orders, judgments, and rulings entered in this matter.

## JURISDICTION AND VENUE

7. The District Court has original jurisdiction over this proceeding because it is a civil action between citizens of different states, where the amount in controversy exceeds $75,000, in accordance with 28 U.S.C. § 1332(a)(1).

8. For purposes of citizenship Scottsdale is deemed a citizen of both Ohio and Arizona.

9. Jones is a citizen of the District of Columbia.

10. Pinckney is a citizen of Maryland.

11. Langston Lane is a limited liability company with its principal place of business in the District of Columbia. Langston Lane's ownership scheme involves several tiers of beneficial ownership.

12. The first tier is comprised of five parent/holding companies: NFP Langston LLC, DP Langston Lane, LLC, Gateway Development Associates, LLC, La La Lane, LLC, and J2R2J Investments, LLC.

13. NFP Langston LLC is domestically registered in Washington, DC with a principal place of business in Virginia. NFP Langston, LLC is beneficially owned by NFP Affordable Housing Corp, Richard Edison, and DP Langston Lane, LLC. NFP Affordable Housing Corp. is registered as foreign entity in Washington DC and maintains its principal place of business in Virginia.

14. NFP Affordable Housing Corp is owned by Richard Edison, Nancy Kaur Banwait, Nick Surak and Shirley Ginwright.

15. Richard Edison is a citizen of Maryland.

16. Nancy Kaur Banwait is a citizen of Washington.

17. Nick Surak is a citizen of Indiana.

18. Shirly Ginwright is a citizen of Virginia.

19. DP Langston Lane, LLC is domestically registered in the District of Columbia with its principal place of business in the District of Columbia.

20. DP Langston Lane, LLC is owned by U&O Family, LP, Omabuwa Binitie, Corey Powell, and Joel Patterson.

21. U&O Family LP is domestically registered in the District of Columbia with its principal place of business in the District of Columbia and is owned by Omabuwa Binitie.

22. Omabuwa Binitie is a citizen of the District of Columbia.

23. Corey Powell is a citizen of the District of Columbia.

24. Joel Patterson is a citizen of Virginia.

25. Gateway Development Associates, LLC is domestically registered in Maryland with its principal place of business in Maryland.

26. Gateway Development Associates, LLC is owned by Lester D. Severe and Shelley Severe.

27. Lester D. Severe is a citizen of Maryland.

28. Shelley Severe is a citizen of Maryland.

29. La La Lane, LLC is domestically registered in the District of Columbia with its principal place of business in Maryland.

30. La La Lane, LLC is owned by MDP Ventures, LLC, Arlington Investors, LLC, and 83 Enterprises, LLC.

31. MDP Ventures, LLC and Arlington Investors, LLC are both domestically registered in Maryland with principal places of business also in Maryland.

32. 83 Enterprises, LLC is domestically registered in the District of Columbia with its principal place of business in the District of Columbia.

33. MDP Ventures, LLC is owned by Richard Edison.

34. Richard Edison is a citizen of Maryland.

35. Arlington Investors, LLC is owned by Alex Gross.

36. Alex Gross is a citizen of the District of Columbia.

37. 83 Enterprises, LLC is owned by LaToya Thomas.

38. LaToya Thomas is a citizen of the District of Columbia.

39. J2R2J Investments LLC is domestically registered in Florida, with its principal place of business in Florida.

40. J2R2J Investments, LLC is owned by Justyn Speier, Ryan Speier, and Janyce Ann Dean.

41. Justyn Speier and Janyce Ann Dean are citizens of Florida.

42. Ryan Speier is a citizen of New Jersey.

43. Gateway is a limited liability company with its principal place of business in Maryland. Gateway is owned by Lester D. Severe, Shelley Severe, and Michael Severe.

44. Micheal Severe is a citizen of Maryland.

45. Thus, in accordance with 28 U.S.C. § 1332(a)(1), no beneficial owner of Langston Lane, or any other defendant, are residents of the same states as Scottsdale.

46. Since this proceeding is a declaratory judgment action commenced under 28 U.S.C. § 2201, the limits of the liability coverage potentially available under the Scottsdale Policies at issue for the underlying tort liability claims asserted by Pinckney and Jones, individually, and as personal representatives of the Estates of Demarcos Pinckney and Kevin Mason, respectively, against Langston Lane in the civil lawsuit pending in the Superior Court for the District of Columbia under civil case no. 2025-CAB-003872 (the "Underlying Action"), determines the amount in controversy for the purposes of 28 U.S.C. § 1332(a)(1) and those limits exceed $75,000.

47. Additionally, in the Underlying Action, Pinckney and Jones allege damages, if proven, upon information and belief, that exceed $75,000.

48. Because the damages alleged in the Underlying Action, if proven, would, upon information and belief, exceed $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

49. Venue is proper before the District Court pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to Pinckney and Jones' claims in the Underlying Action against Langston Lane occurred in this judicial district, and the Underlying Action is pending within this District.

## FACTUAL BACKGROUND

### A. The Assault and Battery

50. Langston Lane owns and operates a large public housing complex in the Garfield Heights neighborhood of the District of Columbia located in the 2700 block of Langston Place, SE and extending a block deep to Knox Place, SE (the "Premises").

51. The Underlying Plaintiffs allege that on or about June 18, 2023, Demarcos Pinckney and his cousin Kevin Mason were present at the Premises at approximately 8:40 PM when two unidentified individuals gained unauthorized access to the Premises via an unlocked and/or broken gate and fired numerous gun shots, striking and killing Demarcos Pinckney and Kevin Mason.

### B. The Underlying Action.

52. On or about June 17, 2025, the Underlying Plaintiffs filed the Underlying Action captioned *Patricia Pinckney & Tasha Jones v. Gateway Management Services, LLC, Langston Lane Community Partners, LLC & Dante Partners, LLC* in the Superior Court for the District of Columbia under civil case number 2025-CAB-003872 to recover damages as a result of the Assault and Battery.

53. The complaint in the Underlying Action alleges five causes of action arising out of Langston's and other defendants' alleged negligence which resulted in the Assault and Battery. The first cause of action sounds in premises liability and alleges that that Langston Lane and the other underlying defendants undertook a voluntary duty to provide a secured, gated community, had a duty to tenants and licensees of Langston Lane to take reasonable measures to guard against foreseeable criminal activity. Further, the first cause of action alleges that Langston Lane and the underlying defendants breached the aforementioned duties by allowing the Premises to remain in a constant state of disrepair. Further the first cause of action alleges that the defendant's breach of their duties was the proximate and actual cause of the Assault and Battery causing the deaths of Demarcos Pinckney and Kevin Mason.

54. The second and third causes of action are survival actions for Demarcos Pinckney and Kevin Mason respectively, are brought under the District of Columbia Survival Statute, D.C. Code § 12-101, and allege that the underlying defendants' conduct led to the Assault and Battery which caused the deceased to sustain severe pain, suffering, mental anguish, and emotional distress prior to their deaths.

55. The fourth and fifth causes of action allege the wrongful death of Demarcos Pinckney and Kevin Mason respectively, are brought under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701, and allege that the underlying defendants' conduct led to the Assault and Battery which caused the deceased's untimely deaths.

56. The Underlying Action seeks $50,000,000 for compensatory damages, and such other amounts permitted by law, as well as interest from June 18, 2023 and attorneys' fees and costs.

### C. The Primary Policy

57. Scottsdale issued policy number CPS7654162 to Langston Lane Limited Partnership[1] for the period September 8, 2022 to September 8, 2023 (the "Primary Policy").

58. The Primary Policy provides a schedule of location that includes 2726 Langston Pl. SE. Washington, D.C., 20020, the location of the Premises.

59. The Primary Policy contains a commercial general liability coverage part (the "CGL Coverage Part"), that provides, subject to its terms, conditions, limitations, and exclusions, commercial general liability coverage with a limit of $1,000,000 per occurrence and $2,000,000 in the aggregate.

60. The CGL Coverage Part contains Coverage A for Bodily Injury and Property Damage Liability and provides that Scottsdale will pay those sums that Langston Lane becomes legally obligated to pay as damages because of bodily injury to which the Scottsdale Primary Policy applies. The Primary Policy further provides that Scottsdale will have the right and duty to defend the insured against any suit' seeking those damages, but will have no duty to defend Langston Lane for damages because of bodily injury to which the Primary Policy does not apply.

61. The CGL Coverage Part is modified by the Total Assault And/Or Battery Exclusion Endorsement no. GLS-227s (2-18) (the "Total A&B Exclusion").

62. In relevant part, the Total A&B Exclusion states that the Primary Policy does not apply to bodily injury arising from Assault and/or Battery committed by any insured, any employee of any insured or any other person, and the attempt or failure to suppress or prevent Assault and/or Battery by any insured, any employee of any insured, or any other person.

---

[1] Pursuant to the Change Endorsement No. 1. The named insured under the Policy is Langston Lane Community Partners, LLC.

### D. The Excess Policy

63. Scottsdale also issued policy number XBS0168468 to Langston Lane Community Partners LLC for the period of September 8, 2022, to September 8, 2023 (the "Excess Policy") (the Primary Policy and the Excess Policy may be collectively referred to as the "Scottsdale Policies").

64. The Excess Policy contains a Commercial Excess Liability Coverage Form (the "CEL Coverage Form") that provides, subject to its terms, conditions, limitations, and exclusions, commercial general liability coverage with a limit of $5,000,000 per occurrence and $5,000,000 in the aggregate.

65. The CEL Coverage Form provides "[Scottsdale] will pay on behalf of [Langston Lane] the 'ultimate net loss' in excess of the 'retained limit' because of 'injury or damage' to which insurance provided under this Coverage Part applies. [Scottsdale] will have the right and duty to defend [Langston Lane] against any suit seeking damages for such 'injury or damage' when the applicable limits of 'controlling underlying insurance' have been exhausted in accordance with the provisions of such 'controlling underlying insurance.' When [Scottsdale has] no duty to defend, [Scottsdale] will have the right to defend or to participate in the defense of, [Langston Lane] against any other suit seeking damages for 'injury or damage'. However, [Scottsdale] will have no duty to defend [Langston Lane] against any suit seeking damages for which insurance under this policy does not apply . . . ."

66. Further, the CEL Coverage Form defines 'controlling underlying insurance' as "any policy of insurance or self-insurance listed in the Declarations under the Schedule of 'controlling underlying insurance'."

67. The Schedule of Controlling Underlying Insurance identifies the Primary Policy as the controlling underlying general liability insurance.

68. The Excess Policy states that insurance provided thereunder will follow the same provisions, exclusions and limitations that are contained in the applicable controlling underlying insurance, the Primary Policy. The Excess Policy further states that to the extent that such provisions differ or conflict, the provisions of the Excess Policy will apply; however the coverage provided under the Excess Policy will not be broader than that provided by the Primary Policy.

69. The Excess Policy also contains the Assault And/Or Battery Exclusion, Endorsement XLS-0160 (2-18) (the "A&B Exclusion").

70. The A&B Exclusion states that the insurance provided under the Excess Policy does not apply to injury or damage arising from Assault and/or Battery committed by any insured, any employee of any insured, or any other person.

71. The A&B Exclusion also states that the Excess Policy does not apply to injury or damage arising from the failure to suppress or prevent Assault and/or Battery by any insured, any employee of any insured, or any other person.

### E. Scottsdale's Disclaimers Under The Scottsdale Policies

72. By letter dated July 23, 2025, Scottsdale disclaimed any obligation to provide coverage to Langston Lane under the Scottsdale Policies pursuant to the Total A&B Exclusion and the A&B Exclusion in the Scottsdale Policies.

73. By letter dated July 23, 2025, Scottsdale also disclaimed any obligation to provide coverage to Gateway Management Services as an additional insured under the Scottsdale Policies pursuant to the Total A&B Exclusion and the A&B Exclusion in the Scottsdale Policies.

74. Subsequently, by letter dated December 5, 2025, while expressly maintaining its disclaimer of indemnity, Scottsdale offered to provide Langston Lane a gratuitous courtesy defense, subject to the disclaimer of indemnity and reservation of rights.

75. Similarly, by letter dated December 5, 2025, while expressly maintaining its disclaimer of indemnity, Scottsdale offered to contribute 50% of the reasonable and necessary costs to Gateway Management Services in the Underlying Action, on a gratuitous, courtesy basis, subject to Scottsdale's disclaimer of indemnity and reservation of rights.

**COUNT ONE**
**(Declaratory Judgment of No Coverage Under the Primary Policy)**

76. Scottsdale repeats and re-alleges its allegations in paragraphs 1 through 75 of its Complaint as if set forth at length herein.

77. In the complaint in the Underlying Action, the Underlying Plaintiffs claim that Langston Lane failed to prevent or suppress the Assault and Battery by failing to maintain the Premises, and by failing to provide adequate security measures so as to protect from foreseeable violent crime.

78. The complaint in the Underlying Action alleges that Assault and Battery that claimed the lives of Demarcos Pinckney and Kevin Mason was the actual and proximate result of Langston Lane's alleged negligence.

79. There is no coverage available to Langston Lane or Gateway Management Services for the Underlying Action under the Primary Policy pursuant to the Total A&B Exclusion.

80. Therefore, there is an actual controversy between the parties regarding their respective rights and obligations under the Primary Policy with regard to the Underlying Action, pursuant 28 U.S.C. § 2201, Scottsdale is entitled to a declaration from the Court that Langston Lane, Gateway Management Services, and any other person or organization qualifying as an

insured under the Primary Policy is not entitled to coverage for the Underlying Action under the Primary Policy pursuant to the Total A&B Exclusion, and that Scottsdale has no obligation to defend or duty indemnify Langston Lane, Gateway Management Services, or any other defendant in the Underlying Action under the Primary Policy.

81. By entering a declaratory judgment in favor of Scottsdale, the Court would terminate the controversy regarding the rights and obligations of the parties under the Primary Policy with regard to the Underlying Action.

## COUNT TWO
### (Declaratory Judgment of No Coverage Under the Excess Policy)

82. Scottsdale repeats and realleges its allegations in paragraphs 1 through 81 of its Complaint as if set forth at length herein.

83. In the complaint in the Underlying Action, the Underlying Plaintiffs claim that the Assault and Battery was the result of the defendants', including Langston Lane and Gateway Management Service's failure to prevent or suppress the same as manifested by Langston Lane's and Gateway Management Services' alleged negligence in failing to maintain the Premises, and failing to provide adequate security measures so as to protect from foreseeable violent crime

84. The complaint in the Underlying Action alleges that Assault and Battery that claimed the lives of Demarcos Pinckney and Kevin Mason was the actual and proximate result of Langston Lane's and Gateway Management Services' alleged negligence.

85. There is no coverage available to Langston Lane or Gateway Management Services for the Underlying Action under the Excess Policy as there is no coverage available to Langston Lane or Gateway Management Services under the Primary Policy.

86. Additionally, there is also no coverage available to Langston Lane or Gateway Management Services for the Underlying Action under the Excess Policy pursuant to the A&B Exclusion.

87. Therefore, there is an actual controversy between the parties regarding their respective rights and obligations under the Excess Policy with regard to the Underlying Action, pursuant 28 U.S.C. § 2201, Scottsdale is entitled to a declaration from the Court that Langston Lane, Gateway Management Services, and any other person or organization qualifying as an insured under the Excess Policy is not entitled to coverage for the Underlying Action under the Excess Policy, and that Scottsdale has no obligation to defend or indemnify Langston Lane, Gateway Management Services, or any other defendant in the Underlying Action under the Excess Policy.

88. By entering a Declaratory judgment in favor of Scottsdale, the Court would terminate the controversy regarding the rights and obligations of the parties under the Excess Policy with regard to the Underlying Action.

## PRAYER FOR RELIEF

**WHEREFORE,** Scottsdale respectfully requests judgment and relief as follows:

A. A judicial declaration that Scottsdale has no duty to defend or obligation to indemnify Langston Lane, Gateway Management Services, or any other person or entity in the Underlying Action under the Total A&B Exclusion in the Primary Policy;

C. A judicial declaration that Scottsdale has no duty to defend or obligation to indemnify Langston Lane, Gateway Management Services, or any other person or entity in the Underlying Action pursuant to the terms of the Excess Policy, including, but not limited to, the

A&B Exclusion;

  D. An award of Scottsdale's reasonable attorneys' fees and costs of suit, and

  E. Such other relief as this Court deems just, proper, and equitable.

               **GOLDBERG SEGALLA LLP**

               */s/ G. Calvin Awkward, III*
               G. Calvin Awkward, III, (Bar ID#18652)
               111 S. Calvert Street, Suite 2000
               Baltimore, MD 21202-6114
               Ph:  443-615-7513
               Fx:  443-615-7599
               cawkward@goldbergsegalla.com
               *Attorneys for Plaintiff, Scottsdale Insurance Company*